# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JERALD S. ENSLEIN, ) <br> in his capacity as Chapter 7 Trustee of ) <br> Xurex, Inc., ) <br> ) <br>     Plaintiff/Appellee, ) <br> ) <br> v. ) <br> ) <br> JOE JOHNSTON, CVM TECHNOLOGY, LLC, ) <br> and JOHN DOES 1-10 ) <br> ) <br>     Defendant/Appellants, ) | Case No. 4:17-CV-0206-CV-DGK <br><br> Adv. No. 16-04158-DRD <br> Related to Bk. Case No. 14-43536-11-DRD |

## ORDER AFFIRMING BANKRUPTCY COURT RULING

This is an appeal brought pursuant to 28 U.S.C. § 158(a)(1) appealing the bankruptcy court's[1] order granting Plaintiff/Appellee's motion to remand.

Plaintiff/Appellee Jerald Enslein, in his capacity as Chapter 7 Trustee of Xurex, Inc. ("the Trustee"), filed a lawsuit in the Circuit Court of Jackson County, Missouri, asserting a variety of state common law claims on the Debtor's behalf. Among these claims were that Defendant/Appellant Joe Johnson, Defendant/Appellant CVM Technology, LLC's and John Does 1-10 (collectively "Appellants") usurped the Debtor's corporate opportunities, misappropriated trade secrets, and breached various fiduciary duties. Appellants removed this lawsuit to the bankruptcy court for the Western District of Missouri, contending that the lawsuit related to the Debtor's pending bankruptcy. The Trustee timely filed a motion to remand arguing mandatory abstention applied under 28 U.S.C. § 1334 (c)(2) and permissive abstention was also approriate under 28 U.S.C. § 1334 (c)(1). The bankruptcy court granted the motion.

---

[1] The Honorable Dennis R. Dow, United States Bankruptcy Judge for the Western District of Missouri.

The bankruptcy court's order is AFFIRMED because: (1) this lawsuit is not a "counterclaim," therefore it is not statutorily core and abstention is mandatory; and (2) the bankruptcy court did not abuse its discretion in determining permissive abstention was warranted.

**Standard of Appellate Review**

This Court reviews *de novo* the bankruptcy court's conclusion of law that the removed claims were not core claims and 28 U.S.C. § 1334(c)(2) mandates abstention. *In re Schmidt*, 453 B.R. 346, 349 (8th Cir. BAP 2011). It reviews the bankruptcy court's permissive abstention ruling for abuse of discretion. *In re Stabler*, 418 B.R. 764, 766 (8th Cir. 2009).

**Background**

Debtor Xurex, Inc. ("Xurex") filed for federal bankruptcy protection under Chapter 7 of Title 11 of the United States Code on October 17, 2014. Appellants Joe Johnston ("Johnston"), an officer and director of Xurex, and CVM Technology, LLC ("CVM Technology") filed proofs of claim on February 17, 2015, and so both are creditors of Xurex's estate. The basis for Johnston's proof of claim was indemnification for litigation costs in the Delaware Court of Chancery. The basis for CVM Technology's proof of claim was money loaned to Xurex.

On August 31, 2016, the Trustee filed an adversary proceeding in the United States Bankruptcy Court for the Western District of Missouri against numerous defendants, including Johnston. *Jerald S. Enslein, in his capacity as Chapter 7 Trustee for XUREX, INC. v. Giacomo DiMase et al.*, Adv. Proc. No. 16-0-4103-DRD (the "DiMase adversary proceeding"). The complaint largely targets alleged misconduct surrounding long-term minimum purchase agreements in markets where Xurex was active, and these agreements explicitly excluded

ceramic vacuum microsphere technology.[2] A portion of the complaint alleges Johnston breached his fiduciary duty to Xurex by disclosing trade secret information and using its technology when he formed CVM Technology. It also states that the Trustee anticipated bringing another lawsuit against Johnston, CVM Technology, and potentially others in connection with CVM Technology's misappropriation and use of Xurex's intellectual property and trade secrets.

On October 13, 2016, the Trustee filed a different lawsuit in the Circuit Court of Jackson County, Missouri captioned *Jerald S. Enslein, in his capacity as Chapter 7 Trustee for Xurex, Inc. v. Joe Johnston, CVM Technology, LLC and John Does 1-11*, case no. 1616-CV24849 ("the state court action"). The state court action seeks a monetary recovery in favor of Xurex's bankruptcy estate against Johnston and CVM Technology for breach of fiduciary duties owed Xurex, usurpation of corporate opportunities, and misappropriation of trade secrets and corporate resources based on Johnston allegedly sharing Xurex's secrets with CVM Technology. Although this action makes some general allegations that are identical to those made against Johnston in the DiMase adversary proceeding, it targets Johnston's alleged misconduct as an officer, director, and fiduciary of Xurex in the ceramic vacuum microsphere technology market.

Although both the DiMase adversary proceeding and the state action allege Johnson breached his fiduciary duties, both allege he did so in separate and independent ways involving different people, different markets, different entities, and different agreements. Neither lawsuit has anything to do with Defendants' proofs of claim against Xurex.

On November 21, 2016, Johnston filed his answer in the DiMase adversary proceeding.

On December 2, 2016, Johnston and the other Defendants removed the state court action to the bankruptcy court for the Western District of Missouri on the grounds that it related to the

---

[2] Ceramic vacuum microsphere technology relates to "proppants," mineral agents used in the fracking process to extract oil and gas from underground wells. "Ceramic vacuum microsphere" is abbreviated as "CVM." Because a Defendant is named "CVM Technology, LLC," to avoid confusion the Court will not use the abbreviation "CVM."

3

DiMase adversary proceeding. Their notice of removal states that "[t]he removed matter presents non-core claims pursuant to the United States Bankruptcy Code." After the Trustee filed the Motion to Abstain and for Remand, Defendants changed their position, arguing the state court action presents claims that are statutorily core, but constitutionally non-core.

On March 8, 2017, the bankruptcy court granted the Trustee's motion to abstain and remand.

## Discussion

**I.     The removed claims are not counterclaims, thus abstention is mandatory.**

Defendants first appeal the bankruptcy court's ruling that abstention is mandatory.

The statute governing jurisdiction in bankruptcy cases and proceedings, 28 U.S.C. § 1334, provides district courts shall have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). It also states that district courts shall have original, but not exclusive, "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* at § 1334(b). It also provides that in certain circumstances federal courts *must* abstain from hearing state law claims in a bankruptcy case:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, *related to a case under title 11 but not arising under title 11 or arising in a case under title 11*, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added). In sum, if an action filed in state court and removed to federal court is merely "related to" a bankruptcy case under title 11, abstention is mandatory.

Whether a case is merely "related to" a bankruptcy case turns on whether the claims are statutorily "core" or "non-core." As the Eighth Circuit Bankruptcy Appellate Panel summarized,

> [C]ivil proceedings [under § 1334] are divided into two categories: core proceedings and non-core, related proceedings. Core proceedings are those cases arising under title 11, or arising in a case under title 11. Core proceedings include, but are not limited to, sixteen examples of types of matters listed in 28 U.S.C. § 157(b)(2). Non-core, related-to proceedings are those which "could conceivably have [an] effect on the estate being administered in bankruptcy."

*In re Schmidt*, 453 B.R. at 349-50. One of these sixteen examples of core proceedings is "*counterclaims* by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(C) (emphasis added).

The primary issue in this appeal is whether the claims in the state court action removed to federal court are counterclaims to the proofs of claim filed in the bankruptcy proceeding. The bankruptcy court held that they were not counterclaims. The bankruptcy court received extensive briefing from the parties on this issue and then held a hearing on the matter. Ruling from the bench, the bankruptcy court noted Congress used the word "counterclaim" in 28 U.S.C. § 157(b)(2)(C), not "claim."

> That word [counterclaim] has a meaning. And for me to simply say that it encompasses any claims made by the trustee at any point in the case against the defendant that has filed proofs of claim in the case, regardless of its procedural posture, its timing or its substance, as a counterclaim reads the word out of the statute.

Hearing Transcript on Motion to Remand and Abstain at 34, *Enslein v. Johnston, et al.*, Adv. Proc. No. 14-04158-drd (Bankr. W.D. Mo.) (Doc. 29). The bankruptcy court alternately held that even if the state court action was a counterclaim and a core claim, it was constitutionally not a core claim, and so it should be treated as non-core for purposes of mandatory abstention.

5

Defendants argue any claims originally asserted by a debtor or trustee in state court against parties who have filed proofs of claim against the bankruptcy estate are core claims when they are removed, regardless of whether they are formally labeled counterclaims, and regardless of whether their resolution is necessary to adjudicate the creditor's underlying proof of claim against the bankruptcy estate. Defendants cite four district court decisions for support, chief among them *In re: Residential Capital, LLC*, 515 B.R. 52 (Bankr. S.D.N.Y. 2014).

Defendants' argument is unavailing. The text of the statute says "counterclaim," not "claim," so 28 U.S.C. § 157(b)(2)(C) does not apply and abstention is mandatory. Defendants proposed reading—that any claims made by a trustee at any point after a defendant has filed proofs of claim in the case are counterclaims, regardless of the claims' procedural posture or the claims' relationship to the creditor's proof of claim—amends the statute to read "claim." Rewriting statutes is a task reserved for the other branches of government. The Court must apply the statute as written. Defendants' proposed interpretation also produces a result that makes little sense. As the Trustee rightly notes, Defendants reading would effectively bar a bankruptcy trustee from bringing a purely state law action in state court against anyone who ever filed a proof of claim in a bankruptcy. This result offends principles of federalism and comity to state courts. Although several district courts in other circuits have reached a different conclusion, this Court agrees with the bankruptcy court that these cases are not persuasive. Accordingly, the Court affirms the bankruptcy court's ruling that the state action is not a statutory core proceeding under § 157(b)(2)(C).

Further, abstention is required under § 1334. The elements for mandatory abstention under § 1334(c)(2) are:

> (1) a timely motion is made; (2) the proceeding is based on a state law claim or cause of action; (3) the basis for removal is 'related

> to' jurisdiction; (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the proceeding has already commenced in state court; and (6) the action can be timely adjudicated in state court.

*Hogan v. Hagan*, No. 2:15CV50-HEA, 2015 WL 6445313, at *2 (E.D. Mo. Oct. 23, 2015). The only elements Defendants contest is the third, whether "the basis for removal is 'related to' jurisdiction." This position contradicts what Defendants said in their notice of removal: that "[t]he removed matter presents non-core claims pursuant to the United States Bankruptcy Code." The description in the notice of removal is correct. The state action claims do not arise from the bankruptcy court claims, they are merely related to it. Consequently, the Court AFFIRMS the bankruptcy court's holding that abstention is mandatory.

Because this holding is dispositive, the Court will not consider the bankruptcy court's alternate ruling that even if the state action is a core claim, it is constitutionally not a core claim.

## II. The bankruptcy court did not abuse its discretion in remanding the state court claims under permissive abstention.

Defendants also appeal the bankruptcy court's ruling that it should abstain under permissive abstention. This Court reviews this decision for abuse of discretion. *In re Stabler*, 418 B.R. 766. A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts. *Id.* In application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard. *Id.*

Section 1334(c)(1) provides that a district court *may* abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under title 11. Courts have developed specific criteria to determine whether such permissive abstention is warranted. *Id.* at 769. These criteria include:

7

> (1) the extent to which the issues involve difficult or unsettled issues of state law;
>
> (2) the extent to which state law, or other esoteric and technical issues, predominate;
>
> (3) the effect of abstention on the efficient administration of the bankruptcy proceedings;
>
> (4) the presence of a related proceeding begun in state court in which the matter may be determined;
>
> (5) the degree of relatedness to the main bankruptcy proceeding;
>
> (6) the burden on the bankruptcy court's docket;
>
> (7) the likelihood that one of the parties is forum shopping;
>
> (8) the presence or necessity in the proceeding of non-debtor parties;
>
> (9) the existence of a jurisdictional basis other than § 1334;
>
> (10) the existence of a right to a jury trial and whether the parties do or do not consent to jury trial in the bankruptcy court;
>
> (11) the financial condition of the parties; and
>
> (12) the case's status as a 'related' matter rather than a core proceeding.

*Id.* at 769; *In re Kesar Enterprises, Inc.*, 330 B.R. 756, 761 (W.D. Mo. 2005) (citations omitted). No one factor is determinative, and the relevance and importance of each factor varies depending on the facts of each case. *In re Kesar*, at 761.

The bankruptcy court found that factors 2, 4, 5, 7, 8, 9, and 12 all favored remand since: state law predominated over the state action claims; the case had begun in state court, even though it was not very far along; there was very little duplication in claims, facts, or witnesses

between the two cases; the Trustee was not forum shopping; the bankruptcy court would not have jurisdiction over the state action but for 28 U.S.C. § 1334; and the state action was very much a "related" matter rather than a core proceeding. It found factor 6 slightly favored remand since there would not be a substantial burden on the bankruptcy's court's docket if it heard the case. It found the remaining factors, 1, 3, 10, and 11, were essentially neutral.

Although the Court disagrees with the bankruptcy court's finding concerning factor 1—it appears the state action contains no difficult or unsettled issues of state law, a factor which weighs slightly in favor of denying remand—this disagreement does not change the result. Other than this, the Court agrees with the bankruptcy court's analysis and finds no fault with its conclusion. Indeed, this Court would have made the same decision were it making the initial determination. Consequently, there is no abuse of discretion, and the Court affirms the bankruptcy court's permissive abstention ruling.

## Conclusion

For the reasons stated above, the bankruptcy court's order abstaining from exercising jurisdiction over the state action is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 27, 2018                     /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT